IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLYDE LANDRY, *Plaintiff*, v. ENGLOBAL CONSTRUCTION RESOURCES, INC., d/b/a ENGLOBAL INSPECTION SERVICES, INC., A WHOLLY OWNED SUBSIDIARY OF ENGLOBAL CORPORATION, *Defendant*. | § § § § Case 4:10-cv-01056 § § § § § § § § § § |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, ENGlobal Construction Resources, Inc. ("Defendant" or "ENGlobal") files this Answer to Plaintiff's Original Complaint, as follows:

### I.
### FIRST DEFENSE

Plaintiff cannot establish that Defendant engaged in willful conduct within the meaning of the FLSA and therefore any claims against Defendant are subject to the two year statute of limitations.

### II.
### SECOND DEFENSE

Defendant's actions or omissions, if found to be in violation of the FLSA, were in good faith and based upon reasonable grounds for believing that its actions did not violate the FLSA.

### III.
### THIRD DEFENSE

Plaintiff is an exempt employee under Sections 13(a)(1) and 13(b)(1) of the FLSA.

## IV.
## ANSWERS TO ALLEGATIONS

Pleading further, if necessary, and without waiving the foregoing defenses, Defendant answers the allegations of Plaintiff's Complaint below:

1. Defendant admits that its correct name is ENGlobal Construction Resources, Inc., that it is a wholly owned subsidiary of ENGlobal Corporation, and that the office Plaintiff worked in was engaged in pipeline inspection, but otherwise denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits Plaintiff's right to bring this suit, but denies that Plaintiff is entitled to any of the relief sought in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that this Court has jurisdiction over this suit.

4. Defendant admits that venue is proper in this district.

5. Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint, except denies that Plaintiff routinely had workweeks far in excess of forty (40) hours per week or that he was employed by anyone other than Defendant.

6. Defendant admits that it is headquartered in Houston, that it employed Plaintiff and that it is engaged in commerce, but denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that Plaintiff's office was engaged in pipeline inspection, and that it employed Plaintiff and others, but denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that it employed Plaintiff as a pipeline inspector, that he worked in the field or on site, that he was exempt from the overtime provisions of the FLSA, that he may

have worked in excess of 40 hours in a workweek, and that he was paid a day rate, but denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that because Plaintiff was exempt from the FLSA's overtime provisions, that it did not pay him overtime, but denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant incorporates by reference the responses made in the preceding paragraphs of this Answer as though set forth fully herein.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer following paragraph 16 of Plaintiff's Complaint.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that Plaintiff take nothing herein, and that Defendant be awarded its costs and attorney's fees, together with other and further relief as may be deemed appropriate.

Respectfully submitted,

/s/ W. JACKSON WISDOM
W. Jackson Wisdom
State Bar No. 21804025
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700

                                       Facsimile: (713) 222-0101
                                       **ATTORNEY IN CHARGE FOR DEFENDANT,**
                                       **ENGLOBAL CONSTRUCTION RESOURCES,**
                                       **INC.**

OF COUNSEL:
James M. Cleary, Jr.
State Bar No. 00783838
Federal I.D. No. 15499
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above pleading has been forwarded via e-filing pursuant to Fed. R. Civ. P. 5, on this the 1st day of June, 2010 to:

Mark Siurek
Patricia Haylon
Douglas B. Welmaker
Warren & Siurek, LLP
3334 Richmond Avenue, Suite 100
Houston, Texas 77098

Tommy D. Overton, Jr.
The Overton Law Firm, P.C.
404 Knox Street
Houston, Texas 77007

                                                  */s/James M. Cleary, Jr.*
                                                    James M. Cleary, Jr.